Syphers, Appellant, *v.* The State of Ohio, Appellee.

(No. CA-72-2—Decided July 3, 1972.)

Appeal: Court of Appeals for Fayette County.

*Mr. James Richard Syphers, in propria persona.*
*Mr. Rollo M. Marchant,* prosecuting attorney, for appellee.

Kerns, J. This cause is before the court upon a motion of the defendant, James Richard Syphers, for leave to file a delayed appeal from a judgment and sentence entered on February 29, 1972, by the Court of Common Pleas of Fayette County.

The motion is attended by an affidavit of indigency, a motion for an order appointing counsel, a motion for a complete record, and a statement that the defendant was not advised by the trial court of his right to appeal at state expense.

In opposition to Syphers' motion for leave to appeal, the state merely says that he has failed to set forth adequate grounds to justify the granting of the motion.

For many years, probable error in the record, and good cause for failure to appeal as a matter of right, were necessary conditions to the granting of any such motion, but in the syllabus of the case of *State* v. *Sims,* 27 Ohio St. 2d 79, the Supreme Court of Ohio issued the following directive:

"In the absence of evidence in the record upon which it could be determined that an indigent convicted defendant knowingly and intelligently waived his right of direct appeal and his right to court-appointed counsel for direct appeal prior to the expiration of the time in which such an

appeal could be taken, a Court of Appeals must make such a factual determination before it dismisses a motion for leave to appeal."

As a practical matter, and in most such cases, the "factual determination" involves little more than a choice between bald and diametrically opposed answers to the same query, unless, of course, the prosecution relents and concedes to the movant upon the theory that a defense upon the merits, not requiring the physical presence of the defendant, would be less cumbersome and more conclusive than a defense to the motion.

But where the prosecution does not concede, and the factual determination required by *Sims* must be made, the only criteria available for the separation of the usual negative and affirmative answers to the single question involved is credibility and this development in and of itself relegates the convicted and incarcerated inmate to a "meaningless ritual" of the type condemned in *Douglas* v. *California*, 372 U. S 353.

Where constitutional rights are involved, the proceedings in the trial court no longer carry a presumption of regularity, and matters of such importance as those raised by the present motion cannot realistically be committed to the recollective powers of either biased inmates or busy prosecuting attorneys.

Such being the case, our alternatives are substantially limited. Such motions, as well as the time-consuming procedural entanglements incident thereto, could be avoided by a simple stipulation which affirmatively shows as a matter of record that the indigent defendant was advised of his right of direct appeal and his right to court-appointed counsel for direct appeal prior to the time in which an appeal could be taken.

The record in the present case is silent as to such matters, and it appearing that a "factual determination" of the only question posed herein would not be without some fictional characteristics, the motion for leave to appeal will be sustained.

*Motion sustained.*

SHERER, P. J., and CRAWFORD, J., concur.